# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1853V**
Filed: October 28, 2026

| | |
|---|---|
| AJA WRIGHT, | * |
| Petitioner, | * |
| v. | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |

*Bradley W. Eskins, Esq.*, Eskins, King & Marney, P.C., Memphis, TN, for petitioner.
*Mary E. Holmes, Esq.,* U.S. Dept. of Justice, Washington, DC, for respondent.

**DISMISSAL DECISION**[1]

**Roth,** Special Master:

On October 20, 2023, Aja Wright ("petitioner") filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that she suffered anaphylaxis as a result of the flu vaccine she received on October 23, 2020. Petition, ECF No. 1; Amended Petition, ECF No. 19.

After petitioner filed her medical records, the case was assigned to the Special Processing Unit ("SPU"). ECF No. 21. Respondent filed his Rule 4(c) Report on July 14, 2025. ECF No. 33. An Order to Show Cause issued on January 27, 2026. ECF No. 35. Petitioner filed her response to the Order to Show Cause on April 29, 2026. ECF No. 38.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.
[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

The case was then reassigned to the undersigned on May 5, 2026. ECF Nos. 39-40. Respondent was ordered to file a response to petitioner's filing, which he filed on June 23, 2026. ECF No. 43.

A fact hearing was scheduled for and held on September 23, 2026. ECF No. 44. A detailed Order issued after the hearing, summarizing the inconsistencies between the medical records and the testimony obtained that day. Petitioner was ordered to file either a status report advising how she intended to proceed or a Motion to Dismiss. ECF No. 46.

On October 7, 2026, petitioner filed a Motion to Voluntarily Dismiss under Rule 21(a) without Entry of Judgment. ECF No. 47. My law clerk emailed both parties on October 8, 2026, advising that "[i]f it is petitioner's intention to dismiss without entry of judgment (under Vaccine Rule 21(a)), then a stipulation of dismissal (also signed by respondent) must be filed. If that is the case, petitioner can move to strike the motion at ECF No. 47 and refile. Otherwise, this falls under Vaccine Rule 21(b) and will be dismissed with entry of judgment." Petitioner's counsel responded via email, asking if respondent would agree to a stipulation of dismissal and that, if so, he would strike the motion at ECF No. 47.

After not receiving further response from either party, my law clerk emailed counsel again on October 26, 2026. Respondent's counsel responded, forwarding a prior email to petitioner's counsel stating that respondent "does not agree that a joint stipulation of dismissal is appropriate in this circumstance given the merits of the case have been considered." Respondent's counsel advised that she has not received a response from petitioner's counsel. As of today, my law clerk has also not received a response from petitioner's counsel.

Vaccine Rule 21(a) allows a petitioner to voluntarily dismiss the petition without order of the special master or court by filing either (A) a notice of dismissal before respondent's Rule 4(c) Report or (B) by filing a stipulation of dismissal signed by all parties. Respondent has filed his Rule 4(c) Report in this case, and respondent does not agree to a stipulation of dismissal. Thus, this motion to voluntarily dismiss necessarily falls under Vaccine Rule 21(b).

Vaccine Rule 21(b) allows a special master to dismiss a claim at the petitioner's request pursuant to § 12(d)(3). Dismissal under this subsection is with prejudice and results in the entry of judgment.

Petitioner's motion to dismiss is being interpreted to be one filed pursuant to Vaccine Rule 21(b) and is accordingly **GRANTED.** The Clerk shall enter judgment accordingly.[3] Petitioner's motion to voluntarily dismiss pursuant to Vaccine Rule 21(a) is **DENIED.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

[3] Pursuant to Vaccine Rule 11(a), if a motion for review is not filed within 30 days after the filing of the special master's decision, the clerk will enter judgment immediately.